■ The People of the State of New York, Appellant, v Eddie Ortiz, Respondent. [758 NYS2d 566] —Appeal from an order of Cayuga County Court (Contiguglia, J.), entered December 18, 2001, which granted defendant's motion and set aside the jury verdict pursuant to CPL 330.30.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, the motion is denied, the verdict is reinstated and the matter is remitted to Cayuga County Court for sentencing.

Memorandum: We agree with the People that County Court erred in granting defendant's motion and setting aside the jury verdict pursuant to CPL 330.30. In granting the motion, the court found that the verdict is against the weight of the

evidence. That was error. In deciding a motion pursuant to CPL 330.30, a trial judge is precluded "from reweighing evidence, a factual review" (*People v Ventura*, 66 NY2d 693, 695 [1985]; *see People v Carter*, 63 NY2d 530, 536-538 [1984]; *People v Carthrens*, 171 AD2d 387, 391-392 [1991]). The verdict could. have been set aside pursuant to CPL 330.30 "only if based upon insufficient evidence or evidence which as a matter of law was inadequate to prove guilt beyond a reasonable doubt" (*Carter,* 63 NY2d at 537), and that cannot be said of the verdict herein. The jury found defendant guilty of aggravated harassment of an employee by an inmate (Penal Law former § 240.32), and the evidence that the liquid that struck the correction officer smelled of urine, together with the other evidence submitted by the People, is legally sufficient to support a conviction of that crime. Consequently, we reverse the order, deny the motion, reinstate the verdict and remit the matter to Cayuga County Court for sentencing. Present—Green, J.P., Pine, Hurlbutt and Lawton, JJ.