Appeal from a judgment of Cattaraugus County Court (Himelein, J.), entered June 10, 2002, convicting defendant after a jury trial of aggravated harassment of an employee by an inmate.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of aggravated harassment of an employee by an inmate (Penal Law § 240.32) and sentencing him to an indeterminate term of imprisonment of V/s to 4 years. We reject defendant’s contention that the cell block at issue, located in the City of Salamanca Police Station, is not a “correctional facility” or “local correctional facility” within the meaning of section 240.32. Although section 240.32 does not define those terms, Correction Law § 40 (2) and (3) provide guidance with respect to the applicability of those terms to the facility herein. The definition of “local correctional facility” set forth in Correction Law § 40 (2) includes a “police station jail” and “correctional facility” is defined in Correction Law § 40 (3) as “any institution operated by the state department of correctional services, any local correctional facility, or any place used, pursuant to a contract with the state or a municipality, for the detention of persons charged with or convicted of a crime.” We therefore *960 conclude that the cell block at issue is a local correctional facility for purposes of Penal Law § 240.32.
Defendant further contends that the evidence is legally insufficient to support the conviction. We reject that contention. The People presented evidence that defendant, the only detainee in the cell block, defecated in his cell and threw the feces on the walls, door, floors and ceiling of the cell block area. They further presented evidence that the police officers on duty were unable to avoid contact with the feces in their efforts to clean the cell block area (see Penal Law § 240.32). We conclude that, when viewed in the light most favorable to the People, the evidence is legally sufficient to support the conviction (see People v Bleakley, 69 NY2d 490, 495 [1987]). The sentence is neither unduly harsh nor severe. Present—Pigott, Jr., PJ., Pine, Scudder, Gorski and Lawton, JJ.