■ The People of the State of New York, Respondent, v Edward Laraby, Appellant. (Appeal No. 1.) [771 NYS2d 780]—

Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered May 30, 2002. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree (two counts) and attempted escape in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of two counts of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [iii], [iv]) and one count of attempted escape in the second degree (§§ 110.00, 205.10 [2]) (appeal No. 1) and from an order denying his motion to vacate the judgment pursuant to CPL 440.10 (appeal No. 2). We reject the contention of defendant that he was denied effective assistance of counsel. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Contrary to defendant's further contention, County Court did not abuse its discretion in failing to order a competency examination pursuant to CPL article 730. Nothing in the record provides "reasonable ground . . . to believe that the defendant was an incapacitated person" (*People v Armlin*, 37 NY2d 167, 168 [1975]). The court was not required to invoke the procedures of CPL article 730 based upon its order granting defendant's application to hire a psychiatrist to evaluate defendant in connection with possible affirmative defenses of lack of criminal responsibility by reason of mental disease or defect and extreme emotional disturbance and directing defendant to submit to a psychiatric examination pursuant to CPL 250.10 (*see People v Brown*, 277 AD2d 972 [2000], *lv denied* 96 NY2d 732 [2001]; *People v Wheeler*, 249 AD2d 774 [1998]; *see generally People v Tortorici*, 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]). Because there is no reasonable view of the evidence that would support a finding that defendant's actions were justified, the court properly denied defendant's request to charge the defense of justification (*see* Penal Law § 35.15; *People v Watts*, 57 NY2d 299, 301 [1982]; *People v Jackson*, 236 AD2d 821 [1997], *lv denied* 91 NY2d 893 [1998]). Defendant's remaining contentions with respect to the jury charge are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in

the interest of justice (*see* 470.15 [6] [a]). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction. Further, the verdict is not contrary to the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, "given the nature of the claimed ineffective assistance" of counsel, the court properly denied defendant's motion pursuant to CPL 440.10 without conducting a hearing (*People v Satterfield*, 66 NY2d 796, 799 [1985]; *see People v Lake*, 235 AD2d 921, 921-922 [1997], *lv denied* 89 NY2d 1096 [1997]). Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Kehoe, JJ.