■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY BURKETT, Appellant. [784 NYS2d 433]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered November 19, 2002. The judgment convicted defendant, after a nonjury trial, of aggravated harassment of an employee by an inmate.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a bench trial of aggravated harassment of an employee by an inmate (Penal Law § 240.32). Defendant's challenge to the prosecutor's obtaining of a sealed indictment is unpreserved for our review (*see generally* CPL 210.25, 210.35, 210.45) and is without merit in any event (*see generally* 100.05, 210.05, 210.10 [3]). County Court did not abuse its discretion in denying defendant's motion to invoke the procedures of CPL article 730 (*see People v Laraby*, 4 AD3d 749, 750 [2004], *lv denied* 2 NY3d 802 [2004]; *People v Blackwell*, 278 AD2d 804 [2000], *lv denied* 96 NY2d 781 [2001]). In addition, the court did not err in admitting evidence of an uncharged crime or bad act committed by defendant. The evidence in question was directly probative of a material issue in the case, i.e., the criminal intent of defendant and the absence of any accident or mistake on his part (*see People v Hudy*, 73 NY2d 40, 54-55 [1988]; *People v Ventimiglia*, 52 NY2d 350, 359 [1981]). There

was a strong need for the evidence to resolve the factual dispute concerning defendant's intent (*see People v Alvino*, 71 NY2d 233, 242-243 [1987]; *cf. People v Lewis*, 69 NY2d 321, 327-328 [1987]), and the probative value of the evidence outweighed its potential prejudicial effect (*see Hudy*, 73 NY2d at 55; *Ventimiglia*, 52 NY2d at 359-360; *People v Allweiss*, 48 NY2d 40, 47 [1979]). Contrary to defendant's further contentions, the evidence is legally sufficient to support the conviction (*see People v Pysadee*, 1 AD3d 959, 960 [2003], *lv denied* 2 NY3d 744 [2004]; *People v Moore*, 308 AD2d 599, 600 [2003], *lv denied* 1 NY3d 576 [2003]; *People v Ortiz*, 305 AD2d 979 [2003], *lv denied* 100 NY2d 564 [2003]), and the verdict is not against the weight of the evidence (*see Moore*, 308 AD2d at 600; *People v Stokes*, 290 AD2d 71, 73-74 [2002], *lv denied* 97 NY2d 762 [2002], *cert denied* 537 US 859 [2002]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, upon our review of the record, we conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation" to defendant (*People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Pigott, Jr., P.J., Pine, Scudder, Kehoe and Lawton, JJ.