■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ROBINSON, Appellant. [801 NYS2d 177]—Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma,

J.), rendered December 17, 2002. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, rape in the first degree and attempted robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the first degree (Penal Law § 140.30 [2]), rape in the first degree (§ 130.35 [1]), and attempted robbery in the second degree (§§ 110.00, 160.10 [2] [a]). As defendant concedes, he failed to preserve for our review his contention that the evidence is legally insufficient to establish that he caused physical injury to the victim (*see People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention lacks merit (*see* Penal Law § 10.00 [9]; *People v Black*, 304 AD2d 905, 908 [2003], *lv denied* 100 NY2d 578 [2003]; *People v Brown*, 243 AD2d 749 [1997]; *People v Jackson*, 169 AD2d 887, 889-890 [1991], *lv denied* 77 NY2d 996 [1991]; *see also People v Slater*, 13 AD3d 732, 734 [2004], *lv denied* 4 NY3d 803 [2005]). We reject the further contention of defendant that he was denied effective assistance of counsel. Upon our review of the record, we conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [trial counsel] provided meaningful representation" to defendant (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Laraby*, 4 AD3d 749, 750 [2004], *lv denied* 2 NY3d 802 [2004]). Finally, contrary to defendant's contention, the sentence is not illegal, nor is it unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.