■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENISE BRYANT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 4, 1977, convicting her of manslaughter in the first degree, upon a plea of guilty, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, defendant's guilty plea vacated, her plea of not guilty reinstated and case remanded to Criminal Term for further proceedings in accordance herewith. Under the circumstances of this particular case, and especially in view of defendant's history of mental instability, it was error for Criminal Term to accept her plea of guilty to manslaughter in the first degree without inquiring further in order to establish (1) her voluntary and knowing waiver of an obvious possible defense to this prosecution, i.e., mental disease or defect (see Penal Law, § 30.05) and (2) her willingness to plead guilty despite the fact that her rendition of the crime failed to establish the requisite elements of the offense to which she was pleading (see *People v Serrano,* 15 NY2d 304). A defendant, of course, may legitimately choose to plead guilty, if only to avoid the risk of conviction at trial of the more serious crimes charged in the indictment. It is important, however, that the record disclose that a voluntary and knowing choice has been made. Damiani, J. P., Rabin, Gulotta and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST GOINS, Appellant.—Judgment of the Supreme Court, Kings County, rendered May 27, 1977, affirmed (see *People v Crimmins,* 36 NY2d 230). Hopkins, J. P., Suozzi, Rabin and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CRIMILDA LUGO, Respondent.—Appeals by the People (1) as limited by their brief, from so much of an order of the Supreme Court, Queens County, dated July 16, 1976, as, after a hearing, granted defendant's motion to suppress certain physical evidence, and (2) from a further order of the same court, dated November 19, 1976, which dismissed the indictment. Order dated July 16, 1976 reversed insofar as appealed from, and order dated November 19, 1976 reversed, on the law and the facts, motion to suppress denied, and indictment reinstated. In our opinion, the police were entitled, two days after an armed robbery, to stop a car which fit the victim's description, and to search its occupants, two of whom also fit the victim's description. Given the fact that a gun was used in the robbery, the police could reasonably suspect the possibility of serious physical injury, thus warranting the detention of the occupants and an inquiry as to the crime. Given the information at their disposal, the police were equally justified in halting defendant as she reached into her handbag. Accordingly, the gun found therein was legally seized. Specific and articulable facts, taken together with rational inferences, reasonably warranted the intrusion (see *Terry v Ohio,* 392 US 1, 21). Martuscello, J. P., Titone, Hawkins and O'Connor, JJ., concur.