■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE GREEN, Appellant. [661 NYS2d 672] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered December 5, 1995, convicting him of attempted murder in the second degree, robbery in the first degree (two counts), robbery in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (three counts), and resisting arrest, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, the plea is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

In *People v Lopez* (71 NY2d 662), the Court of Appeals reiterated the general rule that a defendant must either move to withdraw a plea of guilty or move to vacate the judgment of conviction in order to preserve for appellate review a challenge to the factual sufficiency of a plea allocution. The court noted, however, that there may be a case, albeit rare, "where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez, supra,* at 666). In such a case, "the trial court has a duty to inquire further to ensure that defendant's guilty plea is knowing and voluntary" (*see, People v Lopez, supra,* at 666). When the court fails in that responsibility, the sufficiency of the plea allocution may be challenged on the direct appeal, notwithstanding the failure of the defendant to move to withdraw his guilty plea or to vacate the judgment of conviction (*People v Lopez, supra,* at 666).

Here, the defendant did not respond unhesitatingly to an extended inquiry by the court as to whether he or his accomplice possessed an operable firearm during the commission of the crime. In fact, defense counsel indicated to the court that his client was having difficulty understanding the concept of attempted murder inasmuch as he was not the shooter. Al-

though the defendant eventually responded "Yes sir" to the prosecutor's subsequent inquiry, he indicated that he was not armed at the time of the incident, and he also denied that he knew that his codefendant was armed, stating, "I never seen him with no gun, sir". These statements cast significant doubt upon the defendant's guilt, thus requiring the court to inquire further as to whether, even if the defendant did not see the codefendant's gun during the commission of the acts constituting the crimes charged, he acted under the belief that the codefendant was armed with an operable firearm. In addition, the court should have explained to the defendant that an essential element of the felonies with which he was charged was that he either possessed a gun or was aware that his accomplice was armed. In the absence of such an inquiry, the court failed in its duty to ensure that the defendant understood the nature of the charge, and that his plea was knowing, intelligent, and voluntary (*see, People v Hladky,* 158 AD2d 616).

Accordingly, vacatur of the plea of guilty is warranted. Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.