THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK B. PANGBURN, Appellant. (Appeal No. 1.) [747 NYS2d 672] —Appeal from a judgment of Livingston County Court (Cicoria, J.), entered October 5, 1993, convicting defendant upon his plea of guilty of burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the plea is vacated and the matter is remitted to Livingston County Court for further proceedings on the indictment.

Memorandum: After we affirmed the judgments of conviction on defendant's prior appeal (*People v Pangburn*, 210 AD2d 902, *lv denied* 85 NY2d 941), defendant moved for a writ of error coram nobis. He contended that he was denied effective assistance of appellate counsel because counsel failed to raise an issue on direct appeal that would have resulted in reversal, i.e., "whether the elements of burglary in the first and second degrees were satisfied by the guilty plea[s]" (*People v Pangburn*, 288 AD2d 957, 957). We concluded that the issue may have merit and granted the motion (*id.*). Upon considering the appeal de novo, we conclude that the pleas must be vacated because defendant in his factual allocution negated an essential element of burglary in the first degree (Penal Law § 140.30 [2]) and burglary in the second degree (§ 140.25 [2]) and County Court failed to conduct the requisite further inquiry to ensure that the pleas were knowing and voluntary (*see People v Lopez*, 71 NY2d 662, 666).

Although defendant failed to preserve his contention concerning the factual allocution for our review (*see id.* at 665), we nevertheless address it. "It has been recognized that where a trial court accepts a guilty plea after defendant's factual recitation negates an essential element of the crime, thereby casting significant doubt on defendant's guilt, defendant may challenge the sufficiency of the allocution on direct appeal despite the failure to make a postallocution motion" (*People v Ocasio*, 265 AD2d 675, 676; *see Lopez*, 71 NY2d at 666; *see also People v Toxey*, 86 NY2d 725, 726, *rearg denied* 86 NY2d 839).

The offenses of burglary in the first and second degrees both provide in relevant part that a person is guilty of those offenses when he or she knowingly enters a dwelling unlawfully

with intent to commit a crime therein. During his factual recitation of each offense, defendant stated that his only intent on entering each home was to expose himself to someone in the home. Exposure of a person (Penal Law § 245.01) is a violation, not a crime (see § 10.00 [6]), and thus defendant in his factual allocution negated an essential element of each offense to which he pleaded guilty. Furthermore, exposure of a person is committed only when a person "appears in a public place in such a manner that the private or intimate parts of his [or her] body are unclothed or exposed" (§ 245.01), and here a "public place" was not involved. Nor did defendant's factual allocution establish an intent to commit the crime of public lewdness (§ 245.00), which prohibits the commission of lewd acts either in a public place or "in private premises under circumstances in which he [or she] may readily be observed from either a public place or from other private premises, and with intent that he [or she] be so observed." Defendant was not in a public place, nor was he in private premises where he could be viewed from a public place or other private premises. We therefore reverse the judgments, vacate the pleas and remit the matters to Livingston County Court for further proceedings on the indictments.

In view of our determination, we do not address defendant's remaining contentions. Present—Pine, J.P., Hayes, Hurlbutt, Kehoe and Burns, JJ.