THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND RODRIGUEZ, Appellant. [789 NYS2d 241]—

Appeals by the defendant from two judgments of the County Court, Orange County (Rosenwasser, J.), both rendered October 31, 2002, convicting him of burglary in the second degree, under indictment No. 346/02 and Superior Court information No. 687/02, upon his pleas of guilty, and imposing sentences.

Ordered that the appeal from the judgment rendered under Superior Court information No. 687/02 is dismissed as abandoned; and it is further,

Ordered that the judgment rendered under indictment No. 346/02 is reversed, on the law, the plea with respect to that indictment is vacated, and the matter is remitted to the County Court, Orange County, for further proceedings on the indictment.

Although the defendant failed to preserve for appellate review his contention concerning the factual allocution with respect to the charge under the indictment, where, as here the defendant's factual recitation clearly casts significant doubt upon his guilt or otherwise calls into question the voluntariness of the plea, the defendant may challenge the sufficiency of the plea allocution on direct appeal despite the failure to move to withdraw his plea of guilty or to vacate the judgment of conviction (*see People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Green,* 242 AD2d 541 [1997]).

The crime of burglary in the second degree provides, in relevant part, that a person is guilty of that offense when, inter alia, he or she knowingly enters a dwelling unlawfully with the intent to commit a crime therein (*see* Penal Law § 140.25). During his factual allocution of the crime charged under the indictment, the defendant stated that his only intent on entering the unit in question was to look for someone that he knew. The defendant specifically stated that he had no intent to steal upon entering the premises, and only decided to steal money after he entered the premises. The defendant's factual recitation negated an essential element of burglary in the second degree (*see People v Gaines,* 74 NY2d 358 [1989]), thereby casting significant doubt on his guilt (*see People v Pangburn,* 298 AD2d 989 [2002]; *People v Ocasio,* 265 AD2d 675, 676 [1999]). Accordingly, the plea of guilty under the indictment is vacated and the matter is remitted to the County Court, Orange County, for further proceedings on the indictment. Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.