THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIEN PONDER, Appellant. [823 NYS2d 792]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered July 29, 2003. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the plea is vacated and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [1]). Defendant contends that he raised a possible justification defense during his plea colloquy, and Supreme Court erred in failing to conduct a sufficient inquiry to ensure that the plea was knowing and voluntary. Defendant failed to move to withdraw the plea or vacate the judgment of conviction and thus failed to preserve that contention for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]). We agree with defendant, however, that this is one of those rare cases where preservation is not required because "the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*id.* at 666). In describing the offense, defendant stated that the victim, without any provocation by defendant, struck defendant in the head with a bottle and put him in a choke hold. Defendant stated that, "in self-defense," he pulled out a gun and fired, but stated that he did not intend to shoot the victim. Defendant's colloquy negated the essential element of intent (*see* Penal Law § 120.10 [1]) and also raised the possibility of a justification defense (*see* § 35.15 [2] [a]). Thus, the court had a "duty to inquire further to ensure that defendant's guilty plea [was] knowing and voluntary" (*Lopez*, 71 NY2d at 666). The court made such an inquiry with respect to the element of intent, and defendant clarified that he did indeed intend to cause serious physical injury to the victim. The court, however, failed to make any inquiry with respect to the possible justification defense (*cf. People v Greer*, 277 AD2d 1051 [2000], *lv denied* 96 NY2d 829 [2001]). We therefore reverse the judgment, vacate the plea of guilty and remit the matter to Supreme Court for further proceedings on the indictment. Present—Hurlbutt, A.P.J., Scudder, Gorski, Centra and Green, JJ.