THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL FERRARO, Appellant. [855 NYS2d 552]—

The defendant contends that indictment No. 2813-04 erroneously charged him with bail jumping in the first degree (Penal Law § 215.57), when it should have charged him with bail jumping in the second degree (Penal Law § 215.56). The defendant pleaded guilty to the higher offense. Although he did not move to withdraw his guilty plea or to vacate his judgment of conviction in the County Court, during his plea allocution, the defendant's factual recitation negated an essential element of bail jumping in the first degree. Thus, under the circumstances, this case presents an exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Rodriguez*, 14 AD3d 719 [2005]; *People v Martin*, 7 AD3d 640 [2004]). The People have correctly conceded that an error was made. Accordingly, the judgment rendered on indictment No. 2813-04, must be reversed, the plea vacated, and the matter remitted to the County Court, Suffolk County, for further proceedings on the indictment.

The defendant's challenge to the legal sufficiency of the evidence under indictment No. 680-04 is unpreserved for appellate review, since defense counsel made only a general motion to dismiss that indictment and did not elaborate with specific facts or grounds the basis for dismissal (*see* CPL 470.05 [2]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the third degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that certain comments made by the prosecutor during summation were improper is unpreserved for appellate review because he failed to object to those comments at trial (*see* CPL 470.05 [2]; *People v Glover*, 11 AD3d 478 [2004]; *People v Woody*, 9 AD3d 439 [2004]; *People v George*, 2 AD3d 457 [2003]). In any event, the challenged remarks either were responsive to the defendant's summation (*see People v Thomas*, 186 AD2d 602 [1992]), were ameliorated by the

court's instructions, or constituted harmless error (*see People v Crimmins,* 36 NY2d 230 [1975]).

Furthermore, the defendant's failure either to request specific instructions with regard to a jury charge or to timely object to the charge as given renders his claim that he was denied the right to a fair trial due to the court's instructions unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Williams,* 38 AD3d 925 [2007]). In any event, the jury instructions regarding burglary in the third degree, when read as a whole, fairly instructed the jury on the correct principles of law to be applied to the case (*see People v Bracey,* 249 AD2d 319 [1998]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Mastro, J.P., Florio, Miller and Dickerson, JJ., concur.