In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Nassau County (Smolkin, J.), dated May 16, 2007, which, upon a fact-finding order of the same court dated April 13, 2007, made upon the appellant’s admission, finding that she had committed an act which, if committed by an adult, would have constituted the crime of unlawful possession of a weapon by a person under the age of 16, adjudged her to be a *669 juvenile delinquent and placed her in the custody of the New York State Office of Children and Family Services for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order.
Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Nassau County, for further proceedings pursuant to Family Court Act § 375.1.
The appellant, in her plea allocution, admitted that while she was in her home, during an argument with her mother, she had in her possession a pair of scissors. For the first time, on appeal, after the conclusion of her 12 months of placement in the custody of the New York State Office of Children and Family Services upon her adjudication as a juvenile delinquent, the appellant alleged that her plea allocution was insufficient to support this adjudication.
Although this contention was not timely raised, and hence not preserved for appellate review, this is “that rare case . . . where the defendant’s recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant’s guilt” (People v Lopez, 71 NY2d 662, 666 [1988]), falling into the narrow exception to the preservation requirement. Thus, the sufficiency of the plea allocution may be heard on direct appeal (see e.g. People v Rodriguez, 14 AD3d 719 [2005]).
The appellant’s adjudication as a juvenile delinquent was based upon legally insufficient evidence. Her allocution to possessing a pair of scissors, in her home, did not establish that she possessed a dangerous weapon within the meaning of Penal Law § 265.05 (see Matter of Niazia F., 40 AD3d 292 [2007]; Matter of Alicia P., 112 Misc 2d 326 [1982]).
The appellant’s remaining contention is without merit. Mastro, J.E, Skelos, Balkin and Belen, JJ., concur.