■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE W. CRAFT, Appellant. [870 NYS2d 211]—

Contrary to defendant's further contentions, the evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence (*see People v East*, 284 AD2d 962, 962-963 [2001], *lv denied* 97 NY2d 641 [2001]; *see generally People v Danielson*, 9 NY3d 342, 348-349 [2007]). We reject the contention of defendant that there was no corroboration of the testimony of his accomplices (*see* CPL 60.22 [1]). Indeed, the necessary corroboration was provided by evidence that defendant and his accomplices sought a confrontation, that defendant was wounded when he returned from the scene of the assault, and that defendant's blood was found at the scene of the assault. "Once the statutory minimum pursuant to CPL 60.22 (1) was met, it was for the jurors to decide whether the corroborating [evidence] satisfied them that the accomplices were telling the truth" (*People v Pierce*, 303 AD2d 966, 966 [2003], *lv denied* 100 NY2d 565 [2003]).

Also contrary to the contention of defendant, County Court properly refused to suppress statements that he made to the police. The evidence presented at the suppression hearing established that the police lawfully stopped defendant's vehicle (*see People v Robinson*, 97 NY2d 341, 348 [2001]; *People v White*, 27 AD3d 1181 [2006]), and that defendant's statements made to the police at that time were not in response to custodial interrogation (*see People v Bennett*, 70 NY2d 891, 893-894 [1987]; *People v Morales*, 65 NY2d 997 [1985]). Rather, the statements were made in response to inquiry " 'necessary for providing for defendant's physical [condition and] needs' " (*People v Topolski*, 28 AD3d 1159, 1160 [2006], *lv dismissed* 6 NY3d 898 [2006], *lv denied* 7 NY3d 764, 795 [2006]). The evidence presented at the suppression hearing further established that defendant's subsequent statements were made after defendant had waived his *Miranda* rights (*see People v Burnett*, 41 AD3d 1201 [2007]).

We reject the further contention of defendant that the court erred in admitting testimony concerning his uncharged criminal activity. That testimony " 'was relevant to defendant's motive and . . . its prejudicial effect did not outweigh its probative value' " (*People v Wright*, 38 AD3d 1232, 1234 [2007], *lv denied* 9 NY3d 853, *reconsideration denied* 884 [2007]; *see People v Burkett*, 12 AD3d 1196, 1196-1197 [2004], *lv denied* 4 NY3d 762

[2005]). Defendant's contention that the court erred in amplifying its original jury instructions in response to a jury question also is without merit, inasmuch as the further instruction "constituted 'a meaningful response to the jury's request for information' " (*People v Jones*, 52 AD3d 1252, 1252 [2008], *lv denied* 11 NY3d 738 [2008]; *see* CPL 310.30; *People v Santi*, 3 NY3d 234, 248 [2004]).

Defendant failed to preserve for our review his further contention that the court abused its discretion in failing to afford him youthful offender status (*see People v Fowler*, 28 AD3d 1183 [2006], *lv denied* 7 NY3d 788 [2006]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe.

We agree with defendant, however, that he did not consent to the amount of restitution or waive his right to a hearing on that issue, and "the presentence report and unsworn victim impact statement constitute an insufficient basis for the court's finding with respect to the amount of restitution ordered" (*People v Melendez*, 291 AD2d 887, 888 [2002], *lv denied* 98 NY2d 639 [2002]; *see generally People v Consalvo*, 89 NY2d 140, 145-146 [1996]). We therefore modify the judgment by vacating the amount of restitution ordered, and we remit the matter to County Court for a hearing to determine the amount of restitution. Present—Smith, J.P., Centra, Lunn, Fahey and Green, JJ.