THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SARVELIO RIVERA, Appellant. [897 NYS2d 146]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered November 12, 2008, convicting him of gang assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Nas-

sau County, for further proceedings on the indictment, at which the defendant shall be represented by new trial counsel.

On September 2, 2008, the defendant pleaded guilty to gang assault in the first degree, a violation of Penal Law § 120.07. The charge arose out of an incident which took place on April 15, 2007, as a result of which the defendant and his two codefendants were charged with the stabbing death of Cornelio Vasquez.

During his allocution, the defendant stated that on the evening of the assault, he and his two codefendants planned to fight with, and cause injury to, persons at another location. In furtherance of their plan, the two codefendants set out in one vehicle, arriving at the scene before the defendant, who was in another vehicle. The defendant further stated that by the time he arrived at the scene, the stabbing already had taken place. Defense counsel informed the court that although there was no evidence that the defendant arrived at the scene during the fight, the defendant was pleading guilty based upon his accessorial conduct in planning the fight and aiding and abetting the codefendants after the fight was over. The prosecution did not dispute this theory.

The crime of gang assault in the first degree requires that the defendant, with the intent to cause serious physical injury, causes serious physical injury to another person and that he be aided by two or more persons actually present (see Penal Law § 120.07). Contrary to the People's contention, constructive presence by accomplice liability is insufficient to sustain a conviction for gang assault in the first degree. The statute requires actual presence to the extent that the other two persons must actually be in the immediate vicinity of the crime and be capable of rendering immediate assistance to the individual committing the crime (see People v Sanchez, 13 NY3d 554 [2009]; People v Craft, 57 AD3d 1388 [2008]; People v Varughese, 21 AD3d 1126 [2005]). By admitting in his allocution only that he aided in planning the assault, but was not present at the time the assault occurred, the defendant negated an essential element of the crime and the allocution was, therefore, legally insufficient to establish his guilt of gang assault in the first degree.

In addition, at the sentencing proceeding, when the defendant was attempting to withdraw his plea, defense counsel asked that the sentence commitment be honored by the court. As such, counsel took a position adverse to his client, requiring the appointment of new trial counsel on remittal (see People v Dixon, 63 AD3d 957 [2009]; People v Bedoya, 53 AD3d 621 [2008]; People v Earp, 7 AD3d 538 [2004]; People v Caccavale, 305 AD2d 695 [2003]).

Accordingly, we reverse the judgment, vacate the plea of guilty, and remit the matter to the Supreme Court, Nassau County, for further proceedings (*see People v Rodriguez*, 14 AD3d 719, 720 [2005]; *People v Pangburn*, 298 AD2d 989 [2002]).

In light of our determination, we need not address the defendant's remaining contentions. Dillon, J.P., Miller, Eng and Roman, JJ., concur.