THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARISSE ROBINSON, Appellant. [898 NYS2d 175]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered September 27, 2002, convicting her of attempted assault in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the defendant's plea is vacated, and the matter is remitted to Supreme Court, Kings County, for further proceedings on the indictment.

On June 5, 2002, during her plea allocution, the defendant stated that she arrived at her home to find her ex-boyfriend and the complainant "removing stuff" from her apartment. The defendant stated that a struggle ensued, she stabbed the complainant with a knife, and that she was "scared" during the incident. Near the conclusion of the allocution, the prosecutor objected, stating "It is not satisfactory to the People, your Honor. She's indicated she did it because she was scared, she indicated that—." However, before the prosecutor could complete her state-

ment, the court replied, "Who cares about scared. She stabbed her. I'll accept the plea."

On appeal, the defendant contends that she should be permitted to withdraw her plea of guilty, inter alia, because her allocution was inconsistent with the crime of attempted assault in the first degree and suggested that she had a justification defense.

In order to be valid, a plea of guilty must be entered voluntarily, knowingly, and intelligently (see People v Hill, 9 NY3d 189, 191 [2007]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]). Where a defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea, the trial court has a duty to inquire further to ensure that defendant's plea of guilty is knowing and voluntary (see People v Lopez, 71 NY2d 662, 666 [1988]). Here, a review of the entire factual recitation during the defendant's plea allocution raises the possibility of a justification defense, thereby casting significant doubt on the defendant's guilt (see Penal Law § 35.15 [2] [c]; § 35.20 [3]; People v Lopez, 71 NY2d at 666; cf. People v Ponder, 34 AD3d 1314, 1315 [2006]; People v Wolcott, 27 AD3d 774, 775 [2006]; People v Rumrill, 258 AD2d 928, 929 [1999]). Specifically, a justification to the crime of attempted assault in the first degree exists as an individual may use deadly physical force when that individual, in possession of a dwelling, reasonably believes that another is committing or attempting to commit a burglary of such dwelling, and the individual reasonably believes that deadly force is necessary to prevent or terminate the commission or attempted commission of such burglary (see Penal Law § 35.20 [3]; cf. People v Adames, 52 AD3d 617, 619 [2008]). Although the dissent asserts that the defendant's contention regarding her plea allocution is unpreserved for appellate review, this case presents a rare exception to the preservation requirement insofar as the voluntariness of the plea was called into question before the court (see People v Lopez, 71 NY2d at 665-666; People v Ferraro, 49 AD3d 550, 551 [2008]). Moreover, we respectfully disagree with the dissent's position that the defendant's allocution did not suggest that she justifiably used deadly physical force to terminate the commission of a burglary or an attempted burglary. Here, the Supreme Court should not have accepted the plea "without making further inquiry to ensure that defendant underst[ood] the nature of the charge and that the plea [was] intelligently entered" (People v Lopez, 71 NY2d at 666). A further inquiry by the Supreme Court would have revealed whether the defendant had a viable justification defense and whether she understood the ramifications thereof.

Accordingly, we reverse the judgment, vacate the plea of guilty, and remit the matter to the Supreme Court, Kings County, for further proceedings on the indictment (*cf. People v Ferraro*, 49 AD3d at 551; *People v Rodriguez*, 14 AD3d 719, 720 [2005]; *People v Pangburn*, 298 AD2d 989 [2002]).

In light of our determination, we need not address the defendant's remaining contentions. Dickerson, Leventhal and Lott, JJ., concur.

Fisher, J.P., dissents and votes to affirm the judgment of conviction, with the following memorandum, in which Angiolillo, J., concurs.

On April 16, 2001, the defendant stabbed the unarmed complainant in the abdomen. At the time, the complainant was nine months pregnant and was in the company of the defendant's former boyfriend, who was the father of two of the defendant's children. The complainant survived, but underwent an emergency cesarian section. The defendant subsequently pleaded guilty to attempted assault in the first degree in connection with the incident. On appeal, she contends, inter alia, that her plea of guilty must be vacated because the Supreme Court failed to make further inquiry during the plea allocution to establish that the stabbing was not justified or accidental. The majority agrees that the court should not have accepted the defendant's plea without a further inquiry, and therefore reverses the judgment and vacates the plea of guilty. Because I conclude that the defendant's contentions are unpreserved and, in any event, without merit, I respectfully dissent.

In connection with the stabbing, the defendant was indicted for attempted assault in the first degree, assault in the second degree, assault in the third degree, and criminal possession of a weapon in the fourth degree. Later, she was charged in a separate indictment with criminal contempt in the first degree involving the same complainant. The two indictments ultimately were consolidated for plea purposes.

During the course of the proceedings, the defendant was represented by a succession of attorneys, some assigned and some retained. Plea negotiations intensified as jury selection commenced, and the defendant's fifth attorney worked to obtain a favorable disposition for her. The attorney ended his efforts and asked to be relieved when the defendant filed disciplinary charges against him, accusing him of being racist. The court then became concerned that the defendant was engaging in dilatory tactics designed to delay the trial, and presented a flight risk. As a result, the court remanded the defendant. Thereafter, represented by her sixth attorney, the defendant agreed to plead

guilty to attempted assault in the first degree in exchange for a five-year determinate sentence, an illegally low sentence that the court and the parties mistakenly believed to be the minimum permissible sentence for her (*see* Penal Law § 70.04 [3] [b]).

On June 5, 2002, the defendant pleaded guilty and was allocuted as follows:

"THE COURT: Miss Robinson, on April 16th of 2001, were you near or in front of [street address] East 48th Street?

"THE DEFENDANT: Yes.

"THE COURT: Is that where you were living at that time?

"THE DEFENDANT: That's where I live presently . . .

"THE COURT: Did something happen at that time that day?

"THE DEFENDANT: Yes.

"THE COURT: What happened?

"THE DEFENDANT: Um, Nadine [O.] was in my apartment with my kids' father, Lincoln [M.], and they was removing stuff out of my apartment and I approached them in the house and I was scared and I picked up a knife and began a struggle and she was stabbed.

"THE COURT: You had a what?

"THE DEFENDANT: A struggle.

"THE COURT: Who had a struggle?

"THE DEFENDANT: Me and her, Nadine [O.].

"THE COURT: It happened in the house or was she down in the car; where was she?

"THE DEFENDANT: She was in my apartment.

"THE COURT: That's not the way I heard it. I heard she was sitting in her car.

"THE DEFENDANT: No.

"THE COURT: Did you stab her?

"THE DEFENDANT: Yes.

"THE COURT: Did she have any weapon?

"THE DEFENDANT: No.

"THE COURT: So you stabbed her with a knife. What part of her body did you stab her in?

"THE DEFENDANT: I don't know, your Honor. The record said her hand and her stomach.

"THE COURT: Her stomach. Was she pregnant at that time?

"THE DEFENDANT: I guess.

"THE COURT: Well, you saw her, didn't she look pregnant? She was nine months pregnant.

"THE DEFENDANT: She's fat."

Following the plea, the court granted the defendant's request to be released pending sentence to allow her to appear at a scheduled proceeding in Family Court concerning custody of her children. The court warned the defendant that, if she failed to return for sentence, the plea agreement would no longer be in effect and she would receive a determinate 15-year sentence. The defendant failed to appear for sentencing and, following a *Parker* hearing (*see People v Parker*, 57 NY2d 136 [1982]), the court found that her absence was voluntary. The court then sentenced her in absentia, as a second violent felony offender, to a determinate term of imprisonment of 15 years. On December 9, 2006, more than four years after her plea, the defendant was arrested in Orange County, Florida, on charges of fraud and resisting arrest. She was extradited to Kings County, where sentence was executed.

On appeal, the defendant contends that her plea of guilty should be vacated, inter alia, because the court failed to inquire about a possible justification defense after she said, during her allocution, that the father of her children and the complainant were in her apartment "taking stuff" and that she was "scared." The majority agrees. I do not.

Where a defendant's factual recitation during a plea allocution negates an essential element of the crime or clearly casts significant doubt on the defendant's guilt, the court may not accept the plea without further inquiry (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Mead*, 27 AD3d 767 [2006]). Here, however, the defendant did not suggest in her recitation of the facts that either Nadine O. or Lincoln M. threatened her in any way, and she admitted that Nadine O. was unarmed. Thus, there was no indication whatsoever in her account that the defendant believed, much less reasonably believed, that her use of deadly physical force was necessary to defend herself from the use or imminent use of deadly physical force against her (*cf. People v Perry*, 210 AD2d 437, 438 [1994]; *People v Porter*, 161 AD2d 811 [1990]). Moreover, the defendant's allocution did not suggest that she justifiably used deadly physical force to terminate a burglary. Even assuming that the defendant's recitation raised a question as to whether she reasonably believed that Nadine O. and Lincoln M. were burglarizing her apartment, nothing she said suggests that she reasonably believed, much less believed at all, that her use of deadly physical force against the unarmed pregnant woman was necessary to terminate that burglary (*see* Penal Law § 35.15 [2] [c]; § 35.20 [3]). Finally, the allocution did not negate the required element

of intent to cause serious physical injury. I conclude, therefore, that the defendant's plea of guilty was not improperly accepted.

The defendant's remaining claims, to the extent that they are not foreclosed by her waiver of the right to appeal, are unpreserved for appellate review and, in any event, without merit. The fact that the sentence originally promised to the defendant was less than the minimum authorized by law was rendered irrelevant by the defendant's failure to appear for sentence, which triggered the court's alternative promise to impose a greater and legally permissible sentence. Further, the defendant's contention that the court coerced her plea is unsupported by the record. The court did not link the defendant's bail status to her willingness to plead guilty and, indeed, refused to entertain the question of bail until after plea negotiations had been concluded (*cf. People v Grant*, 61 AD3d 177, 183-184 [2009]; *People v Sung Min*, 249 AD2d 130, 132 [1998]). This is not that "rare case" where the plea allocution "clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez*, 71 NY2d at 666).

Accordingly, because I find no defect in the defendant's plea or sentencing, I respectfully dissent and cast my vote to affirm.