■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRINEO JIMENEZ, Appellant. [972 NYS2d 100]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered February 21, 2012, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the defendant's plea of guilty is vacated, and the matter is remitted to the County Court, Dutchess County, for further proceedings on the indictment.

To be valid, a plea of guilty must be entered knowingly, voluntarily, and intelligently (*see People v Mox*, 20 NY3d 936, 938 [2012]; *People v Hill*, 9 NY3d 189, 191 [2007], *cert denied* 553 US 1048 [2008]; *People v Grason*, 107 AD3d 1015 [2013]). "[W]here the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea, . . . the trial court has a duty to inquire further to ensure [the] guilty plea is knowing and voluntary" (*People v Lopez*, 71 NY2d 662, 666 [1988]; *see People v Mox*, 20 NY3d at 938; *People v Serrano*, 15 NY2d 304, 308 [1965]).

The defendant pleaded guilty to assault in the second degree (*see* Penal Law § 120.05). At the plea allocution, the defendant indicated that he had a very limited recollection of the incident, but admitted his guilt based on photographs, police reports, and witness statements. The County Court acknowledged that the defendant could not recollect the incident because he had been drinking alcoholic beverages at the time of the assault, and that the defendant's alleged intoxication at the time of the incident could negate the intent element of the crime of assault in the second degree (*see* Penal Law §§ 15.25, 120.05). While defense counsel stated that he had discussed "a possible intoxication defense" with the defendant and that the defendant understood it, the court made no inquiry of the defendant to ensure that he was aware of the significance of his claim of intoxication (*see People v Mox*, 20 NY3d at 939). The court's failure to conduct any such inquiry of the defendant requires vacatur of the defendant's plea of guilty (*see id.*; *People v Grason*, 107 AD3d 1015 [2013]; *People v Osgood*, 254 AD2d 571, 572 [1998]; *People v Braman*, 136 AD2d 382, 384 [1988]; *People v Jimenez*, 73 AD2d 533 [1979]; *People v Cintron*, 72 AD2d 568 [1979]; *cf. People v Munck*, 278 AD2d 662, 663 [2000]; *People v McZorn*, 121 AD2d 473 [1986]).

The defendant's remaining contention need not be reached in light of our determination.

Accordingly, the defendant's plea of guilty must be vacated, and the matter remitted to the County Court, Dutchess County, for further proceedings on the indictment. Skelos, J.P., Dickerson, Lott and Austin, JJ., concur.