THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS ANTONIO GONZALEZ PEREZ, Appellant. [994 NYS2d 678]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered April 23, 2013, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the defendant's plea of guilty is vacated, and the matter is remitted to the County Court, Dutchess County, for further proceedings on the superior court information.

The defendant was charged by superior court information with assault in the second degree, based on allegations that he stabbed his landlord following a disagreement over rent money. At the outset of the plea hearing, in the course of obtaining the defendant's consent to be prosecuted by superior court information, the County Court asked the defendant if he was waiving his right to prosecution by grand jury indictment. The defendant replied, "Yes. It was self defense. I wasn't really guilty. It wasn't my fault." An off-the-record discussion was held, and then the court proceeded to accept the defendant's plea of guilty without any inquiry regarding his statements.

To be valid, a plea of guilty must be entered knowingly, voluntarily, and intelligently (see People v Lopez, 71 NY2d 662, 666 [1988]). Although the defendant's contention that his plea was not knowingly, voluntarily, and intelligently obtained is unpreserved for appellate review, we agree with his argument that this is one of those "rare case[s]" (id. at 666) in which the defendant's recitation of the facts underlying his plea to assault in the second degree clearly casts significant doubt upon his guilt, negates an essential element of the crime, or otherwise calls into question the voluntariness of his plea (see People v Mox, 20 NY3d 936, 938 [2012]; People v Lopez, 71 NY2d at 666). The defendant's statements that it was "self defense," that he "wasn't really guilty," and that he "wasn't [at] fault," clearly cast significant doubt upon his guilt, which triggered the County Court's duty to inquire (see People v Mox, 20 NY3d at 938-939; People v Jimenez, 110 AD3d 740, 741 [2013]; People v Rush, 79 AD3d 1522, 1523 [2010]; People v Ponder, 34 AD3d 1314, 1315 [2006]). Since the County Court failed to make any inquiry at all, the defendant's plea of guilty must be vacated (see People v Mox, 20 NY3d at 939; People v Ponder, 34 AD3d at 1315; People v Thomas, 159 AD2d 529 [1990]).

The defendant's remaining contention is unpreserved for ap-

pellate review and, in any event, without merit. Balkin, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.