■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FUENTES, Appellant. [1 NYS3d 305]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Toomey, J.), rendered October 17, 2012, convicting him of criminal possession of a weapon in the third degree (two counts) and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the defendant's plea of guilty is vacated, and the matter is remitted to

the County Court, Suffolk County, for further proceedings on the indictment.

The defendant was charged with two counts of criminal possession of a weapon in the third degree and one count of criminal possession of a weapon in the fourth degree. During the plea allocution, the defendant stated that the weapon "wasn't mine," and that he "touched it in defense, self-defense." Thereafter, the County Court proceeded to accept the defendant's plea of guilty to the charged crimes without any inquiry regarding his statements.

To be valid, a plea of guilty must be entered knowingly, voluntarily, and intelligently (see People v Mox, 20 NY3d 936, 938 [2012]; People v Hill, 9 NY3d 189, 191 [2007]; People v Jimenez, 110 AD3d 740, 741 [2013]; People v Grason, 107 AD3d 1015 [2013]). A defendant cannot waive, and always retains, the right to challenge the voluntariness of a guilty plea (see People v Seaberg, 74 NY2d 1, 10 [1989]). Here, the defendant did not preserve for appellate review his contention that his plea was not knowing and voluntary by moving to withdraw his plea of guilty. However, on this record, the exception to the preservation rule applies, since the defendant's recitation of the facts underlying his plea to the charged crimes clearly casts significant doubt upon his guilt, negates an essential element of the crimes, or otherwise calls into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666 [1988]; see People v Mox, 20 NY3d at 938). The defendant's statements during the plea allocution triggered the County Court's duty to inquire as to a potential defense of temporary lawful possession of a weapon (see People v Banks, 76 NY2d 799 [1990]; People v Snyder, 73 NY2d 900, 901 [1989]; People v Williams, 50 NY2d 1043, 1045 [1980]). Since the County Court failed to make any inquiry at all, the defendant's plea of guilty must be vacated (see People v Mox, 20 NY3d at 939; People v Perez, 121 AD3d 1015 [2014]; People v Jimenez, 110 AD3d at 741; People v Grason, 107 AD3d at 1016).

The defendant's remaining contention need not be reached in light of our determination. Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.