People v Williams (2018 NY Slip Op 05711)





People v Williams


2018 NY Slip Op 05711


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-13197
 (Ind. No. 2561-14)

[*1]The People of the State of New York, respondent,
v
Kenneth Williams, appellant.


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Martin Efman, J.), rendered November 30, 2016, convicting him of assault in the second degree and assault in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the indictment.
The defendant pleaded guilty to assault in the second degree and assault in the third degree. During the plea proceeding, however, he insisted that the complainant had pulled a gun on him, and that he had attacked the complainant in self-defense. The County Court did not ask the defendant any questions about a possible justification defense.
When a "defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea," the court has a duty to inquire further in order to make sure that the defendant understands the nature of the charge and that the plea has been intelligently entered (People v Lopez, 71 NY2d 662, 666; see People v Worden, 22 NY3d 982, 984). This includes situations where the defendant's allocution suggests the existence of a possible defense (see People v Grason, 107 AD3d 1015, 1016; People v Robinson, 71 AD3d 1169, 1170). Where the court failed in its duty to inquire further, a defendant may raise a claim regarding the validity of the plea even without having moved to withdraw the plea (see People v Worden, 22 NY3d at 985; People v Lopez, 71 NY2d 662, 666).
In this case, as the defendant contends and the People correctly concede, the County Court's failure to inquire into the validity of the plea after the defendant's allocution raised the possibility of a justification defense requires reversal of the judgment of conviction (see People v Perez, 121 AD3d 1015, 1015; People v Robinson, 71 AD3d at 1170; cf. People v Lebron, 140 AD3d 790, 791; People v Sierra, 256 AD2d 598, 599).
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court