People v Wright (2019 NY Slip Op 05428)





People v Wright


2019 NY Slip Op 05428


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-01039

[*1]The People of the State of New York, respondent,
v
Raymond Wright, appellant. (S.C.I. No. 288/16)


Steven A. Feldman, Uniondale, NY (Arza Feldman of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered January 13, 2017, convicting him of failure to register or verify as a sex offender, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the County Court, Dutchess County, for further proceedings on the Superior Court Information.
The defendant was charged with failure to register or verify as a sex offender (see Correction Law § 168-t), based upon his alleged conduct of failing to timely notify the New York State Division of Criminal Justice Services (hereinafter the Division) of a change of address (see Correction Law § 168-f[4]). The defendant pleaded guilty to the charged offense, was sentenced thereon, and now appeals from his judgment of conviction.
A sex offender is required to register with the Division "no later than ten calendar days after any change of address" and to pay a fee of ten dollars "each time such offender registers any change of address" (Correction Law § 168-f[4]). A sex offender who fails to so register within the required time period is guilty of a felony (see Correction Law § 168-t).
As the defendant contends, his factual allocution during the plea proceeding negated an essential element of the offense charged, thereby casting significant doubt upon his guilt. Specifically, the defendant indicated that he provided the Division with the address of a homeless shelter that he was using, although he acknowledged that there were some nights when he could not stay in the shelter. He explained "sometimes if you don't get there in time all the beds are taken, so sometimes you get turned away." On those days, the defendant asserted, he stayed at a friend's house instead. These statements tended to demonstrate that the defendant did not, in fact, change his address and thus, was not required to notify the Division (see Correction Law § 168-f[4]).
Although the defendant failed to preserve for appellate review his current contention, where, as here, the defendant's factual recitation clearly casts significant doubt upon his guilt or otherwise calls into question the voluntariness of the plea, the defendant may challenge the [*2]sufficiency of the plea allocution on direct appeal despite the failure to move to withdraw his plea of guilty (see People v Lopez, 71 NY2d 662, 665; People v Robinson, 71 AD3d 1169, 1171; People v Rodriguez, 14 AD3d 719). Further, inasmuch as the contention affects the voluntary, intelligent, and knowing nature of the plea, it is not barred by any waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; see also People v Lopez, 71 NY2d at 665-666; People v Robinson, 71 AD3d at 1170).
Accordingly, we reverse the judgment, vacate the plea, and remit the matter to the County Court, Dutchess County, for further proceedings on the Superior Court Information.
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court