People v Dempsey (2024 NY Slip Op 00082)

People v Dempsey

2024 NY Slip Op 00082

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-05135 ON MOTION
 (Ind. No. 276/16)

[*1]The People of the State of New York, respondent,
v
Joseph Dempsey, appellant.

Joseph F. DeFelice, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (David Goodsell, J.), rendered June 6, 2022, convicting him of attempted assault in the second degree and assault in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Joseph F. DeFelice for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Stacy Albin-Leone, P.O. Box 1175, Long Beach, NY 11561, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief of on behalf of the appellant is served and filed. By prior decision and order on motion dated July 13, 2022, pursuant to CPL 380.55(2), this Court directed that the appeal be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
"An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps" (People v Bolton, 216 AD3d 812, 813). First, the court evaluates assigned counsel's brief, "which must, to be adequate, discuss 'relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority'" (People v Murray, 169 [*2]AD3d 227, 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). "The second step is to determine whether counsel's assessment that there are no nonfrivolous issues for appeal is correct" (People v Bolton, 216 AD3d at 813; see Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "In analyzing whether nonfrivolous appellate issues exist, it is essential to appreciate the distinction between a potential appellate argument that is merely meritless or unlikely to prevail and one that is frivolous" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "Appeals that present issues that may be arguable on their merits—even if weakly or marginally so—must be perfected to fulfill the defendant's right to receive, and the attorney's obligation to provide, zealous representation" (People v Murray, 169 AD3d at 231). If the court concludes that nonfrivolous issues could be raised on appeal, the court must assign new counsel to pursue the appeal on the defendant's behalf (see Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, while we are satisfied with the sufficiency of the brief filed by assigned counsel, upon this Court's independent review of the record, and consistent with the argument advanced by the People, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, the voluntariness of the plea and whether the County Court failed to make inquiry when the defendant's statement during the plea allocution suggested a potential defense to the crime to which he pleaded guilty (see People v Fuentes, 124 AD3d 677, 678).
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court