People v Suka (2025 NY Slip Op 51171(U))

[*1]

People v Suka (Pajtim)

2025 NY Slip Op 51171(U)

Decided on July 18, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 18, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2022-499 RI CR

The People of the State of New York, Respondent,
against
Pajtim Suka, Appellant. 

New York City Legal Aid Society (Mary-Kathryn Smith of counsel), for appellant.
Richmond County District Attorney (Thomas B. Litsky of counsel), for respondent.

Appeal from judgments of the Criminal Court of the City of New York, Richmond County (Biju J. Koshy, J.), rendered June 9, 2022. The judgments convicted defendant, upon his pleas of guilty, of criminal possession of a controlled substance in the seventh degree and aggravated unlicensed operation of a motor vehicle in the third degree, respectively, and imposed sentences.

ORDERED that so much of the appeal as is from the judgment convicting defendant of aggravated unlicensed operation of a motor vehicle in the third degree is dismissed as abandoned; and it is further,
ORDERED that the judgment convicting defendant of criminal possession of a controlled substance in the seventh degree is affirmed. 
Defendant was charged in two separate accusatory instruments dated, respectively, March 21, 2022 and April 20, 2022, each with two counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), and, additionally, in the latter accusatory instrument, with aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), among other charges. After several court conferences, defendant waived prosecution by information and pleaded guilty to one count of criminal possession of a controlled substance in the seventh degree, as charged in the March 21, 2022 accusatory instrument, and to the count of aggravated unlicensed operation of a motor vehicle in the third degree charged in the April 20, 2022 accusatory instrument, in satisfaction of both accusatory instruments. Sentences were imposed on June 9, 2022 immediately after the Criminal Court (Biju J. Koshy, J.) accepted defendant's guilty pleas.
Although defendant appeals from both judgments, his brief on appeal does not raise any issues regarding the judgment convicting him of aggravated unlicensed operation of a motor [*2]vehicle in the third degree. Consequently, so much of the appeal as is from that judgment is dismissed as abandoned (see People v Rodriguez, 14 AD3d 719 [2005]). 
On appeal, defendant contends that his guilty plea to criminal possession of a controlled substance in the seventh degree was not entered knowingly, voluntarily, and intelligently because the Criminal Court did not specifically advise him of his constitutional right to a jury trial. 
Defendant's contention regarding the validity of his guilty plea is reviewable on direct appeal, even though he never moved to withdraw his plea or vacate the judgment of conviction (see e.g. People v Sougou, 26 NY3d 1052, 1054 [2015]; People v Conceicao, 26 NY3d 375, 382 [2015]; People v Arce-Ramirez, 71 Misc 3d 138[A], 2021 NY Slip Op 50414[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]), as he was sentenced on the same day as the plea proceeding. Since defendant "faced a practical inability to move to withdraw [his] plea[]" (Conceicao, 26 NY3d at 382), "preservation poses no bar to our review of [defendant's] challenge[] to [his] guilty plea[]" (Sougou, 26 NY3d at 1054).
Contrary to defendant's sole contention on appeal, the fact that the Criminal Court did not specifically advise him of his constitutional right to a jury trial before accepting his guilty plea did not affect the validity of the plea. It is well settled that "[a] guilty plea is not invalid solely because the trial court failed to inform a defendant of all of the constitutional rights pursuant to Boykin v Alabama (395 US 238 [1969]) that were being forfeited as a result of the plea" (Arce-Ramirez, 2021 NY Slip Op 50414[U], *1; see Sougou, 26 NY3d at 1054; People v Harris, 61 NY2d 9, 17-18 [1983]). Here, the record establishes that defendant consulted with his attorney prior to pleading guilty and that he was aware that he was waiving his right to a trial, to cross-examine the witnesses against him, and his right to testify or remain silent. Under the totality of the circumstances presented, including defendant's prior criminal history of two felony convictions and two misdemeanor convictions, the Criminal Court's explanation of defendant's constitutional rights was sufficient, despite the "court's omission of the word 'jury' in discussing [the] defendant's right to a trial" (People v Figueroa, 235 AD3d 599, 600 [2025]; see Sougou, 26 NY3d at 1055; People v Ayala, 156 AD3d 547 [2017]; People v Lynne, 73 Misc 3d 133[A], 2021 NY Slip Op 51021[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; Arco-Ramirez, 2021 NY Slip Op 50414[U], *1). In view of the foregoing, we are satisfied that defendant's plea was knowing, voluntary, and intelligent.
Accordingly, the judgment convicting defendant of criminal possession of a controlled substance in the seventh degree is affirmed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 18, 2025