■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY MEAD, Appellant. [815 NYS2d 616]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered January 9, 2004, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

To preserve a challenge to the factual sufficiency of a plea allocution, the defendant must make a motion to withdraw his or her plea or a motion to vacate the judgment of conviction (*see* CPL 470.05 [2]; *People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Pellegrino,* 60 NY2d 636 [1983]). Where, however, the defendant's factual recitation negates an essential element of the crime pleaded to or casts significant doubt on the defendant's guilt, the court may not accept the plea without further inquiry (*see People v Lopez, supra* at 666). If the court fails to conduct the inquiry, the defendant may challenge the sufficiency of the allocution on direct appeal, despite the absence of a post-allocution motion (*see People v Lopez, supra; People v Deyes,* 3 AD3d 575 [2004]).

Following the defendant's statement which he now contends negated an essential element of the crime to which he was plead-

ing guilty, the court conducted an inquiry which established that the plea was knowingly, voluntarily, and intelligently entered, and that the defendant had remained unlawfully in an apartment with the intent to commit a crime therein (*see* Penal Law § 140.25 [2]; *People v McKeever,* 295 AD2d 541 [2002]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.