■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN ANDERSON, Appellant. [50 NYS3d 552]—

Appeal by the defendant from a judgment of the County Court, Orange County, (Berry, J.), rendered February 22, 2013, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's purported waiver of his right to appeal was invalid and, thus, does not preclude review of any of his claims (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Brown*, 122 AD3d 133, 140 [2014]).

Where a "defendant's factual recitation negates an essential element of the crime pleaded to or casts significant doubt on the defendant's guilt, the court may not accept the plea without further inquiry" (*People v Mead*, 27 AD3d 767, 767 [2006]; *see People v Lebron*, 140 AD3d 790, 791 [2016]; *People v Alonzo*, 90 AD3d 1065 [2011]). Although the defendant contends that he negated an essential element of assault in the second degree (Penal Law § 120.05 [3]) during his plea allocution, the County Court's further inquiry into the circumstances underlying the crime established that the defendant's plea was knowingly, voluntarily, and intelligently entered (*see People v Lebron*, 140 AD3d at 791; *People v Mead*, 27 AD3d at 767; *see also People v Alonzo*, 90 AD3d 1065 [2011]).

The defendant's challenge to the validity of his waiver of indictment is not forfeited by his plea of guilty and does not

need to be preserved (*see People v Boston*, 75 NY2d 585, 589 [1990]; *People v Yunga*, 122 AD3d 951, 951 [2014]). However, the defendant's contention that his waiver of indictment was invalid is without merit. CPL 195.10 (1) provides, in relevant part: "A defendant may waive indictment and consent to be prosecuted by superior court information when: (a) a local criminal court has held the defendant for the action of a grand jury." "Being so 'held' for the action of a Grand Jury involves the filing of a felony complaint on which defendant has been arraigned and a finding after a preliminary hearing (unless waived by defendant) that reasonable cause exists to believe that defendant committed a felony" (*People v Barber*, 280 AD2d 691, 692 [2001]). Here, the defendant acknowledged receipt of the felony complaint and waived his right to a preliminary hearing. Further, when allocuted by the prosecutor regarding his waiver of indictment, the defendant explicitly acknowledged that he understood that he had been held for the action of the grand jury (*see People v Yunga*, 122 AD3d at 951; *see also People v Davenport*, 106 AD3d 1197 [2013]). Accordingly, the defendant's contention that his waiver of indictment was invalid is without merit.

The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v Addison*, 107 AD3d 730, 732 [2013]; *cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Addison*, 107 AD3d at 732; *People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The defendant's remaining contentions are without merit. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.