People v Gause (2021 NY Slip Op 02543)





People v Gause


2021 NY Slip Op 02543


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-02604
 (Ind. No. 1159/17)

[*1]The People of the State of New York, respondent,
v
Desiveno B. Gause, appellant.


Laurette D. Mulry, Riverhead, NY (Anju M. Alexander of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Rosalind C. Gray and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, Jr., J.), rendered October 25, 2018, as amended November 7, 2018, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment, as amended, is reversed, on the law, the plea is vacated, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the indictment.
The defendant pleaded guilty to criminal possession of a controlled substance in the third degree, and was sentenced to a determinate term of imprisonment of four years plus three years of postrelease supervision.
As charged here, criminal possession of a controlled substance in the third degree requires "knowingly and unlawfully" possessing "a narcotic drug with intent to sell it" (Penal Law § 220.16[1]). The defendant denied during his plea allocution that he intended to sell the drugs he possessed. This is "that rare case . . . where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666; see People v Brundage, 83 AD2d 579).
The defendant here may challenge the sufficiency of the allocution on direct appeal, notwithstanding that a formal postallocution motion was not made, because the County Court failed in its duty to inquire further before accepting the plea (see People v Lopez, 71 NY2d at 666). "[W]here a defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered" (id.). When a defendant makes remarks during the plea allocution that cast significant doubt on his guilt concerning an element of the crime, the court has a duty to conduct further inquiry to ensure that the plea was knowingly and voluntarily made (see People v McNair, 13 NY3d 821, 822-823; People v Petersen, 60 AD3d 1365). Where, as here, the court fails in its duty to inquire further, a defendant may raise a claim regarding [*2]the validity of the plea even without having moved to withdraw the plea (see People v Williams, 164 AD3d 624; People v Fuentes, 124 AD3d 677).
Here, the County Court merely asked the defendant if he was entering the plea of guilty of his own free will, failing to inquire as to the element of intent to sell which had just been negated (cf. People v Karadag, 181 AD3d 620; People v Anderson, 149 AD3d 766). Accordingly, the defendant's factual allocution was insufficient (see People v Worden, 22 NY3d 982; People v Rodriguez, 14 AD3d 719).
In light of this determination, the defendant's contention that the County Court should have inquired into statements attributed to him in the presentence investigation report (see People v Ospina, 175 AD3d 513, 514) need not be reached.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court