People v Trigueros-Hernandez (2025 NY Slip Op 06342)

People v Trigueros-Hernandez

2025 NY Slip Op 06342

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-05996
 (Ind. No. 70012/22)

[*1]The People of the State of New York, respondent,
v
Jederson A. Trigueros-Hernandez, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Robert V. Tendy, District Attorney, Carmel, NY (MaryJane MacCrae of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (Anthony R. Molé, J.), rendered June 21, 2023, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to rape in the first degree. On appeal, the defendant contends that the record does not reflect that his guilty plea was made knowingly, voluntarily and intelligently.
"When a defendant makes remarks during [a] plea allocution that cast significant doubt on his guilt concerning an element of the crime, the court has a duty to conduct further inquiry to ensure that the plea was knowingly and voluntarily made" and may not accept the plea without such inquiry (People v Gause, 193 AD3d 1074, 1075; see People v Lopez, 71 NY2d 662, 666). Here, however, the defendant's several statements during the plea proceeding to the effect that he had made a mistake did not negate an element of the offense since, contrary to the defendant's contention on appeal, intent was not an element of, nor was mistake a defense to, the crime to which he pleaded guilty (see Penal Law former § 130.35[3] [eff Feb. 1, 2001 to Aug. 31, 2024]; People v King, 192 AD3d 1140). Further, although the defendant stated on one occasion during the plea proceeding that he was "not guilty," the County Court properly conducted further inquiries to ensure that the defendant's guilty plea was knowing, voluntary, and intelligent (see People v Anderson, 149 AD3d 766, 766; People v Alonzo, 90 AD3d 1065).
Contrary to the defendant's further contention, he was not deprived of his right to counsel by the County Court's denial of his request for new assigned counsel. "[A]n indigent defendant is guaranteed the right to counsel by both the Federal and New York State Constitutions (see US Const 6th Amend; NY Const, art I, § 6), but this entitlement does not encompass the right to counsel of one's own choosing" (People v Porto, 16 NY3d 93, 99; see People v Fredericks, 43 NY3d 551, 557). Here, "the defendant's dissatisfaction with counsel stemm[ing] from his counsel's advice that he accept the plea offer instead of going to trial . . . was an insufficient basis for substitution of counsel" (People v Alicea, 164 AD3d 1253, 1253; see People v Fredericks, 43 NY3d at 558-559; People v Martin, 41 AD3d 616, 617). Moreover, where, as here, "the defendant [*2]challenges counsel's performance, assigned counsel does not take a position adverse to their client by merely outlining [their] efforts on [their] client's behalf in a defen[se] [of their] performance" (People v Fredericks, 43 NY3d at 560 [citation and internal quotation marks omitted]; see People v Washington, 25 NY3d 1091, 1095).
The record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal, as the oral colloquy initially mischaracterized the appeal waiver as an absolute bar to the taking of an appeal and a forfeiture of the attendant right to counsel, and subsequent statements by the County Court did not serve to clarify the issue in light of the confusion expressed by the defendant during the oral colloquy and the defendant's lack of experience with the criminal justice system (see People v Shanks, 37 NY3d 244, 253; People v Thomas, 34 NY3d 545, 565-566; People v Bunch, 224 AD3d 924). Moreover, the written waiver of appeal also mischaracterized the waiver as an absolute bar to an appeal (see People v Shanks, 37 NY3d at 251, 253). Thus, the purported waiver does not preclude appellate review of the defendant's claims that his sentence was excessive and violated the Eighth Amendment of the United States Constitution (see People v Bunch, 224 AD3d 924).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80). Further, the defendant's contention that his sentence violated the Eighth Amendment is unpreserved for appellate review, as he did not raise this contention in the County Court (see People v Yentes, 233 AD3d 806, 807; People v Seenarine, 206 AD3d 765, 766), and, in any event, without merit (see People v Zitrenbaum, 231 AD3d 1064; People v Parsley, 150 AD3d 894, 896).
The defendant's remaining contention is without merit.
IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court